COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| IN RE: ARVIN WEST, SHERIFF OF | | No. 08-08-00254-CV |
| HUDSPETH COUNTY, | § | |
| | | AN ORIGINAL PROCEEDING IN |
| Relator. | § | |
| | | MANDAMUS |
| | § | |
| | § | |
| | § | |

**O P I N I O N**

This is a petition for writ of mandamus to vacate the order quashing the Notice of Deposition of CPA Henderson. We deny Relator's petition for writ of mandamus.

**I. BACKGROUND**

This petition for writ of mandamus arises from a civil rights suit filed by Pascual Olibas (Real Party) against the Sheriff of Hudspeth County, Texas, Arvin West (Relator). The Real Party alleged that he was being prevented from operating his business, Freedom Bail Bonds, and he requested injunctive relief to prevent harassment and civil rights violations as alleged in his original pleadings. In response, the Relator filed a counterclaim alleging that Real Party was not solvent and could not stand behind all bonds or judgments nisi. Under Texas law, a bondsman is required to file a financial statement with the sheriffs of counties where he operates. TEX.CODE CRIM.PROC.ANN. art. 17.141 (Vernon Supp. 2008). As required, Real Party filed financial statements with Relator. After a temporary restraining order was entered against Relator, Relator served a Notice of Deposition on D. Gene Henderson, C.P.A. (CPA Henderson) and requested each and every document that CPA Henderson used and reviewed to create Pascual Olibas's financial statement for

the years 2006, 2007, and 2008.

Real Party filed a Motion to Quash and for Protective Order claiming that the discovery was over broad, lacked definition, was not reasonably limited in scope or time, called for privileged information, and that the information being sought was obtainable from other sources. Additionally, Real Party objected on the grounds that the request was unreasonably frivolous, oppressive, or harassing; that it was an invasion of personal, constitutional, or property rights; and that the discovery request asked for information that was not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Three hearings were held on the Protective Order and Motion to Quash. At the conclusion of all three hearings, the Honorable Kathleen H. Olivares (Respondent) of the 205th Judicial District Court of Hudspeth County, entered oral orders quashing the Relator's Notice of Deposition because the Relator had failed to show that the information being sought was relevant and that it could not be obtained from another source.

## II. DISCUSSION

Relator seeks a writ of mandamus to vacate the oral order quashing the Notice of Deposition of CPA Henderson and asserts that the court abused its discretion by prohibiting Relator from deposing Real Party's accountant without first exhausting all other available methods to investigate Real Party's financial condition.

## A. Mandamus

Mandamus relief is appropriate when a trial court abuses its discretion and there is no adequate remedy by appeal. *See In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003) (orig. proceeding); *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

A clear abuse of discretion, warranting correction by mandamus, occurs when a court issues a decision which is without a legal basis, or support in guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). With respect to the resolution of fact issues or matters committed to the trial court's discretion, a reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839-40. A trial court's determination of a factual issue is entitled to deference in a mandamus proceeding and should not be set aside unless it is clear from the record that only one decision could have been reached. *In re Kuntz*, 124 S.W.3d at 181; *Walker*, 827 S.W.2d at 839-40. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 840. In contrast, a trial court has no discretion in determining what the law is or in applying the law to the facts. *In re Kuntz*, 124 S.W.3d at 181; *Braden v. Marquez*, 950 S.W.2d 191, 193 (Tex.App.–El Paso 1997, orig. proceeding). Therefore, a failure by the trial court to analyze or apply the law correctly, as when a discovery order conflicts with the Texas Rules of Civil Procedure, constitutes an abuse of discretion. *In re Kuntz*, 124 S.W.3d at 181; *In re El Paso Healthcare Sys.*, 969 S.W.2d 68, 72 (Tex.App.–El Paso 1998, orig.

proceeding). A writ of mandamus is the proper vehicle to attack an order denying discovery. *In re El Paso Healthcare Sys.*, 969 S.W.2d at 72. So while the trial judge has great latitude in controlling discovery, it can abuse its discretion if it acts unreasonably and arbitrarily. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding).

### B. Abuse of Discretion

The relator bears the heavy burden of establishing that the trial court has abused its discretion. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). In this situation we find that the Relator has failed to show that the trial court abused its discretion.

Texas Rule of Civil Procedure 192.3 is entitled "Scope of Discovery" and provides, "In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action . . . [and which] appears reasonably calculated to lead to the discovery of admissible evidence." *See* TEX.R.CIV.P. 192.3(a); *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex. 1995) (orig. proceeding). Parties are generally permitted to take the deposition of, "any person." *Crown Central Petroleum Corp.*, 904 S.W.2d at 127.

In discovery situations, the trial court is granted latitude in limiting or tailoring discovery. TEX.R.CIV.P. 192.4. Generally, a trial court should limit discovery methods to those which are more convenient, less burdensome, and less expensive, or when the burden or expense of the proposed discovery outweighs its likely benefit. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173 (Tex. 1999) (orig. proceeding); TEX.R.CIV.P. 192.4. Discovery requests themselves must be reasonably tailored to matters relevant to the case at issue. *In re Xeller*, 6 S.W.3d 618, 626 (Tex.App.–Houston [14th Dist.] 1999, orig. proceeding). Consequently, the trial court has broad discretion to limit discovery requests by time, place, and subject matter. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding).

The trial judge expressed three primary concerns in regard to the Relator's Notice of Deposition. First, the trial court believed that the information Relator was seeking from CPA Henderson could have been obtained through interrogatories or other means. Second, the trial court believed that the oral deposition of CPA Henderson would have been overbroad, because allowing the deposition, without any restrictions, would have been beyond the scope of the injunctive relief being sought. And third, the trial court expressed concerns that the information sought through the deposition was beyond the limits of the case; essentially, that the information being sought was not relevant.

In determining whether the trial court abused its discretion we analyze two areas. First, did the trial court abuse its discretion in attempting to tailor and limit the scope of the deposition. And second, did the trial court abuse its discretion in requiring that the Relator obtain the information sought from a more convenient source and less burdensome method.

### 1. Scope of Deposition

At the hearing on the Motion for Protective Order (First Hearing), the trial court stated that the deposition would be allowed if the questioning was limited to several relevant questions. Specifically, the trial court believed that the questioning should be limited to a handful of questions related to the documents presented to CPA Henderson for his review and used in preparation of the financial statement.

The evidence and arguments presented to the court were as follows: The Relator's attorney maintained that he was entitled to depose CPA Henderson because he wanted to show that Real Party's financial statement was nothing more than what the Real Party says he owns and what his assets are worth, implying that the financial statement is false or incomplete; that he needed to determine why the accountant indicated in the compiled financial statement that he had departed

from generally-accepted accounting principles in preparation of the report; that he wanted to show through the deposition of CPA Henderson that Real Party was not capable of making good on all his present commitments; and that it was necessary to determine whether there was information available about Real Party's liabilities which had not been provided by the Real Party to CPA Henderson.

Real Party's testimony was that he and CPA Henderson had an extensive relationship and that over thirteen years, CPA Henderson had become privy to confidential and privileged business information such as information about how he operates his company and information regarding his personal finances outside of his bail bond business that he considers personal; that among the information he provided CPA Henderson were clients' deeds of trust, warranty deeds that would be returned after obligations were fulfilled, titles to cars, social security numbers, and driver's license numbers; that he relied on the appraisal values established by taxing entities for setting the value of his assets; that he had not provided CPA Henderson with information on liabilities relating to bonds; and that information on liabilities was not included in the financial statement. On the 2006 financial statement at issue, CPA Henderson clearly indicated that it was not audited or reviewed, but that it was only a compilation of information provided by Real Party and that he was aware of a departure from generally-accepted accounting principles because certain information was omitted in the preparation of the statement.

Throughout the hearing, the trial judge indicated that a narrowly-tailored deposition would be allowed; however, the Relator maintained that he was entitled to depose CPA Henderson without limitations.

In light of the evidence presented, we find that it was reasonable for the trial judge to require that the deposition of CPA Henderson be tailored so as to protect Real Party's privileged matters and

to limit the deposition to matters relevant to the case. We also find that in light of Relator's refusal to agree to a limited scope of discovery, it was reasonable for the judge to grant the Motion for Protective Order and to Quash the Notice of Deposition. *See* TEX.R.CIV.P. 192.6(b).

### 2. Other Sources

The trial court held a second and third hearing to allow Relator the opportunity to demonstrate that the deposition would produce relevant information and that the information sought could not be obtained from other sources.

At the Hearing on Motion to Reconsider (Second Hearing), the Real Party again testified that confidential and proprietary information had been conveyed to CPA Henderson that he did not want disclosed and that among the information not provided to CPA Henderson and leading to the departure in standard accounting principles, were pass-through or contingent liabilities on outstanding bonds in 15 counties. The Real Party argued that if the only reason to depose the accountant was to determine the number of outstanding bonds, that the information could be readily obtained from other sources.

Relator, who was not present at the first hearing, testified at the second hearing that he is required by law to maintain a bail bonds book that shows all the bonds Real Party writes in Hudspeth County, but that he had not bothered to look through his own records for that information; that he had not called other counties in which the Real Party operates to determine what other outstanding liability existed; and that he had not searched the clerk's records to determine how many judgments nisi had been issued against the Real Party. The evidence also showed that no other bail bondsmen in Hudspeth County were required to list contingent or pass-through liabilities on their respective financial statements. The Relator persisted in arguing that the accountant's deposition was needed to determine the validity of the Real Party's financial statement. The trial court found that the

Relator failed to show that the information sought from CPA Henderson was relevant to the matter of Real Party's solvency and that Relator failed to prove that there was no other method more convenient and less burdensome of obtaining the information sought. At the conclusion of the second and third hearings, the trial court denied the Motions to Reconsider and granted the Motion for Protective Order and Motion to Quash the Notice of Deposition.

Based on the record, we fail to see how the accountant's testimony could be relevant to the solvency of Real Party's business or to the validity of the financial statement when the accountant indicated that the financial statement was not audited for accuracy and that he had not been provided information on contingent liabilities. Further, given that CPA Henderson has knowledge of confidential business and personal information, it was reasonable for the trial court to prevent the disclosure of the Real Party's privileged information by not allowing an unlimited and exhaustive deposition of CPA Henderson and to require the Relator to first exhaust other methods of obtaining the information by way of more specific requests such as written discovery or other means readily available to the Relator.

The record shows that Relator has at all times had the ability to look in his own records and the records of other counties, if he desired, to determine how many outstanding bonds exist and that he did not avail himself of that information. The Relator was provided the opportunity to explain on three separate occasions how the deposition of CPA Henderson would produce relevant information and he failed to do so. We find that the trial court did not abuse its discretion in requiring Relator to obtain the requested information by other methods less burdensome or from a more convenient source. *See* TEX.R.CIV.P. 192.4; *In re Xeller*, 6 S.W.3d at 626.

### III. CONCLUSION

Because we conclude that the Relator has failed to show that the trial court abused its

discretion in attempting to tailor and limit the scope of discovery, we deny the Petition for Writ of

Mandamus.  Accordingly, it is unnecessary to determine whether an adequate remedy on appeal

exists.

GUADALUPE RIVERA, Justice

April 9, 2009

Before McClure, J., Rivera, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment