

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00425-CV

**IN RE** Anthony C. **AGUILAR**

Original Mandamus Proceeding[1]

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                 Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  August 21, 2013

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On July 8, 2013, relator Anthony C. Aguilar filed this petition for writ of mandamus complaining of three orders signed by the probate court judge in the underlying probate proceedings—one signed April 4, 2013 quashing the notice for Margaret Anne Morales's deposition and two signed May 17, 2013 disqualifying Aguilar "from representing any party, including himself, to any proceeding in this cause." Because we conclude it was an abuse of discretion to disqualify Aguilar from representing himself, we conditionally grant the petition for writ of mandamus in part and deny it in part.

---

[1] This proceeding arises out of Cause Nos. 2012PC2800 and 2012PC2802, styled *In re Estate of Ramiro Aguilar, Jr.*, *Deceased* and *In re Estate of Alvilda Mae Aguilar, Deceased*, respectively, pending in the Probate Court No. 2, Bexar County, Texas, the Honorable Tom Rickhoff presiding.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 31, 2012, Margaret Morales filed applications to probate the wills of her parents, Ramiro Aguilar, Jr. and Alvilda Mae Aguilar, and requested issuance of letters testamentary allowing her to serve as independent executrix in both proceedings.[2] Morales's applications were filed on her behalf by her brother, relator in this mandamus, Anthony C. Aguilar. Aguilar is an attorney licensed to practice law in the State of Texas. The wills were admitted to probate, and Morales was appointed independent executrix by orders signed September 17, 2012.

Two days later, Aguilar filed an original petition in the 327th Judicial District Court in El Paso County, purportedly "as representative of the Estate of Ramiro Aguilar, Jr." asserting claims against Morales individually as defendant.[3] In the petition, Aguilar alleged Morales breached fiduciary duties, committed fraud and wasted assets of their parents' estates prior to their deaths while Morales was acting under durable powers of attorney. The El Paso lawsuit was subsequently transferred to Bexar County Probate Court No. 2. *See* TEX. PROB. CODE ANN. § 5B (West Supp. 2012) (authorizing the transfer of a cause of action related to a pending probate proceeding from a district court to the statutory probate court).[4]

In October 2012, on behalf of himself pro se and his brother, Michael, Aguilar filed motions to remove Morales as executrix in both Bexar County probate proceedings. The factual allegations made in support of the motions to remove Morales as executrix are essentially the same as those

---

[2] The probate proceedings were filed in Bexar County Probate Court No. 2, Cause No. 2012-PC-2800, styled *In re Estate of Ramiro Aguilar, Jr., Deceased* and Cause No. 2012-PC-2802, styled *In re Estate of Alvilda M. Aguilar, Deceased*.

[3] The El Paso lawsuit was filed in Cause No. 2012-DCV-05856, styled *Tony Aguilar as representative of the Estate of Ramiro Aguilar, Jr. v. Margaret Morales*, in the 327th Judicial District Court in El Paso County.

[4] Issues related to the El Paso lawsuit, the transfer to Bexar County Probate Court, and orders entered subsequent to the transfer are not at issue in this mandamus proceeding but are the subject of a separate appeal pending before this court in Appeal No. 04-13-00038-CV.

alleged in the El Paso lawsuit — that she breached fiduciary duties and misappropriated funds from her parents' accounts during their lifetimes while acting under durable powers of attorney.

Aguilar served a notice for Morales's deposition on March 4, 2013 in Cause No. 2012-PC-2802. The deposition notice indicated the videotaped deposition of Morales was to occur on April 10, 2013 in San Antonio, Texas, and that its purpose was to obtain testimony or discovery of material to be used in connection with Aguilar's motion to remove Morales as executrix. The notice included a subpoena duces tecum requesting production of some twenty-four categories of documents. The certificate of service indicates the notice was served on the attorney who was then representing Morales in her capacity as independent executrix of her parents' estates.

Another attorney, who was then representing Morales individually and in her capacity as agent under the powers of attorney, filed a motion for protective order and to quash the notice of deposition based on several grounds. The probate court conducted a hearing on the motion to quash on April 2, 2013, and two days later signed an order quashing the notice of deposition and subpoena duces tecum.

On April 2nd, Morales filed motions to disqualify Aguilar from representing any party adverse to her in the two probate cases, as Aguilar had previously represented her as her lawyer in the same proceedings. The court conducted a hearing on May 17th on the motions to disqualify and signed orders that same day stating that Aguilar was "disqualified from representing any party, including himself, to any proceeding in this Cause." This petition for writ of mandamus followed in July 2013.

## ANALYSIS

Mandamus relief is an extraordinary remedy and will issue only to correct a clear abuse of discretion when there is no other adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-

40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d 840. Mandamus is appropriate to review a trial court's pre-trial discovery orders as well as an order regarding disqualification of an attorney. *See Walker*, 827 S.W.2d at 842 (discovery orders); *see also In re Guar. Ins. Servs., Inc.*, 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding) (disqualification orders); *In re Basco*, 221 S.W.3d 637, 639 (Tex. 2007) (orig. proceeding); *Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex. 1996) (orig. proceeding).

## *Order Quashing Deposition*

Morales moved to quash the deposition notice on multiple grounds, including the time and place of the deposition, the nature and extent of the information sought by the accompanying subpoena duces tecum, the legal basis for the information sought and Aguilar's standing to take the deposition in the capacity as noticed. The trial court's order quashes the notice and subpoena duces tecum without specifying any particular grounds. The order does not preclude Morales's deposition nor does it prohibit a party from requesting relevant documents through appropriate discovery tools. Based upon the record before us, we cannot conclude the trial judge clearly abused his discretion in granting the motion to quash the notice of deposition. *See In re West*, 346 S.W.3d 612, 617-18 (Tex. App.—El Paso 2009, orig. proceeding) (finding no abuse of discretion in quashing deposition given trial court's broad latitude to limit and control discovery process); *see also Thompson v. Dart*, 746 S.W.2d 821, 828 (Tex. App.—San Antonio 1988, no writ).

## *Order Disqualifying Aguilar as Counsel*

"An attorney who has previously represented a client may not represent another person in a matter adverse to the former client if the matters are the same or substantially related." *In re*

*Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 824 (Tex. 2010) (orig. proceeding) (citations omitted); *see also In re Epic Holdings, Inc*., 985 S.W.2d 41, 52 (Tex. 1998) (orig. proceeding). While the disciplinary rules governing lawyers are not determinative, Texas courts have looked to the rules for guidance with respect to attorney disqualification. *See Epic Holdings*, 985 S.W.2d at 48. Rule 1.09(a) of the Texas Disciplinary Rules of Professional Conduct prohibits a lawyer from representing a current client against a former client in the same proceeding or in a matter that is substantially related to the earlier representation. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A, art. 10, § 9 (West 2013).

The party seeking disqualification of an attorney must establish: (1) the existence of a prior attorney-client relationship; (2) in which the factual matters involved are the same or substantially related to the factual matters at issue in the pending litigation; and (3) that there is a genuine threat that confidences would be revealed to the former client's present adversary. *See NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989). "By proving the substantial relationship between the two representations, the moving party establishes as a matter of law that an appearance of impropriety exists." *Id*.

It is undisputed that Aguilar previously served as Morales's attorney in the underlying probate proceedings. It is also undisputed that Aguilar has subsequently appeared as counsel for himself and at least one other party in pleadings directly adverse to Morales in the same underlying probate proceedings.

In response to Morales's motion to disqualify, Aguilar argues that he did not actually receive any confidential information from his sister during his representation of her and that he had personal knowledge from other sources of the factual allegations subsequently made against her. However, courts have long recognized an irrebuttable presumption of gained confidential

information from a client's representation. *See In re Mitcham*, 133 S.W.3d 274, 276 (Tex. 2004) (orig. proceeding) (recognizing presumption with respect to every case at a lawyer's firm, even those not worked on by an individual lawyer); *Godbey*, 924 S.W.2d at 131. Even without a presumption that the attorney will reveal those confidences to the present client, where the two representations are substantially related, "the trial court should perform its role in the internal regulation of the legal profession and disqualify counsel from further representation in the pending litigation." *Coker*, 765 S.W.2d at 400.

Because Aguilar previously represented Morales in the same proceeding, the irrebuttable presumption that he obtained confidential information from Morales applies. Aguilar is prohibited from representing a current client against his former client in the same or any substantially related matter. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09(a). The trial court did not abuse its discretion in granting Morales's motion to disqualify Aguilar from acting as counsel for any other party in the probate proceedings. *See Ayres v. Canales*, 790 S.W.2d 554, 557 n.2 (Tex. 1990) (citing *NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 399-400 (Tex. 1989)) (noting trial court has both the power and the duty to disqualify counsel when representation is prohibited by the rules of professional conduct).

The issue of Aguilar's ability to represent himself raises a different question. An order requiring a party to hire outside counsel to represent ***himself*** in a proceeding violates Rule 7 and constitutes an abuse of discretion. *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983). We are aware of no formal exceptions to this rule and the parties have not directed us to any. While it may be ill-advised for Aguilar to represent himself in the underlying probate proceedings given the fact that he previously represented Morales in the same proceedings, we believe he has a right to proceed pro se. The trial court abused its discretion in disqualifying Aguilar from representing himself. We further conclude that disqualification of counsel renders remedy by appeal inadequate

in this case. *See Coker*, 765 S.W.2d at 400; *see also Schwartz v. Jefferson*, 930 S.W.2d 957, 959 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding) (appeal from disqualification order inadequate because it results in immediate palpable harm to a party's right to counsel of its choice).

*Waiver*

Aguilar also contends in his mandamus petition that Morales waived her ability to move for disqualification by waiting too long to file her motion. Aguilar did not raise the issue of waiver in response to Morales's motion to disqualify. The issue of waiver is a factual determination to be made by the trial court. *See In re Butler*, 987 S.W.2d 221, 224 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). The trial court's order of disqualification does not address waiver. Because the issue of waiver was not presented to the trial court Aguilar has failed to preserve any error on the issue. *See* TEX. R. APP. P. 33.1.[5]

## CONCLUSION

We find no clear abuse of discretion in quashing the notice for Morales's deposition and no clear abuse of discretion in disqualifying Aguilar from appearing as counsel for another party in the underlying probate proceedings. Accordingly, we deny mandamus relief with respect to the trial court's orders on these issues. We do conclude that the trial court abused its discretion in disqualifying Aguilar from representing himself and therefore conditionally grant mandamus relief in part and order the probate court judge to issue orders vacating the portion of the orders of disqualification with respect to Aguilar's ability to represent himself. The writ will only issue if the probate court judge fails to do so.

Karen Angelini, Justice

---

[5] The requirement to preserve error applies to mandamus proceedings. *See In re Waste Mgmt. of Texas, Inc.*, 392 S.W.3d 861, 870 n.13 (Tex. App.—Texarkana 2013, orig. proceeding) (citing *West v. Solito*, 563 S.W.2d 240, 244-45 (Tex. 1978) (orig. proceeding)).