Gary L. THOMPSON, Relator,

v.

Honorable Carol R.
HABERMAN, Respondent.

No. 04–87–00474–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 17, 1987.

Rehearing Denied Oct. 7, 1987.

W. Wendall Hall, San Antonio, for relator.

David E. Wheeler, San Antonio, for respondent.

Before BUTTS, CANTU and DIAL, JJ.

DIAL, Justice.

This is an original mandamus proceeding in which we are asked to direct respondent to vacate a protective order signed by her on the ground that the proponent of the order failed to produce evidence to substantiate his contentions that the documents sought are not discoverable. Respondent is the Honorable Carol R. Haberman, Judge of the 45th District Court of Bexar County, Texas.

Michael Blain filed suit against relator, Gary L. Thompson, arising out of an automobile accident that occurred on or about March 12, 1985. Blain allegedly sustained severe injuries to his neck, left shoulder, left arm and upper back. He alleged that he has suffered and will continue to suffer severe pain and mental anguish for which he seeks judgment for $100,000.00. He also seeks reimbursement for past and future medical expenses, lost wages, and a decrease in future earning capacity.

Relator served written interrogatories on Blain. Among other questions, Blain was asked to identify all hospitals, doctors and other medical practitioners whom he had consulted or who had examined him in connection with the accident. He was also asked to identify all hospitals, doctors and practitioners whom he had consulted or who had treated or examined him during the ten years prior to the accident. Relator then served Blain with notice of his intention to depose by written questions several doctors, clinics and hospitals in addition to State Farm Insurance. The list of deponents was obtained from Blain's answers to the interrogatories. In the notice, relator also notified Blain that he would request a subpoena duces tecum to be served on each witness to include:

any and all hospital records, medical records, files, papers, reports and correspondence to include all worker's compensation files of State Farm Insurance as well as all records to which the witness may have access, pertaining to: MICHAEL BLAIN....

Blain responded with a motion for protective order alleging that the request for

records "is overly broad, not reasonably calculated to lead to admissible evidence, and seeks to invade the personal medical privacy rights of [Blain] as to matters which are irrelevant to this cause."

At the hearing on the motion on August 19, 1987, respondent reviewed the motion and heard arguments of counsel, but it is uncontroverted that no evidence or testimony was offered in support of the motion and that no court reporter was present. On August 21, 1987, respondent signed an order granting the motion in part and ordering that only Blain's medical records from March 1, 1983, to present could be discovered.

We granted relator's motion for leave to file his petition for writ of mandamus. Prior to submission of the petition, respondent signed an amended order on September 8, 1987. The amended order is identical to the August 21 order except for an additional paragraph which reads:

It is further ORDERED that in the event [Relator's] discovery reveals relevant evidence of injury or medical treatment prior to March 1, 1983 [Relator] may return to seek further relief as needed.

We granted relator's motion to supplement his petition to include this amended order.

The procedure that must be followed by a party seeking to exclude documents from discovery is set out in *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986), and *Peeples v. Honorable Fourth Supreme Judicial District,* 701 S.W.2d 635, 637 (Tex.1985). That party has the burden of proof. He must specifically plead the particular privilege, immunity or exclusion applicable to the document in question and produce some evidence supporting that claim. Relator's petition for writ of mandamus is grounded on the assertion that respondent granted the motion for protective order even though Blain offered no evidence in support of his motion, which was based on relevancy. The same procedures apply when the claim for protective order rests upon relevancy. *See, Weisel*

*Enterprises, Inc. v. Curry,* 718 S.W.2d at 58.

Blain clearly had placed his physical and mental conditions in issue. He alleged numerous physical and mental injuries and sought monetary damages as compensation for those injuries. TEX.R.CIV.P. 166b(2)(h) provides that the medical records of such parties "which are reasonably related to the injury or damages asserted" are discoverable.

■ As we have noted, no evidence was produced at the hearing. The only possible "evidence" in Blain's behalf are his sworn answers to relator's interrogatories. When he was asked to list all the hospitals in which he has been treated in the ten years before the accident, he listed three hospitals and said he was treated for an accidental gunshot wound, a toothache and for glass in the eye. There is, however, an uncontroverted affidavit in the exhibits to relator's petition which states that Blain's answers to the interrogatories were not on file in the district clerk's office as of August 21, 1987, two days after the hearing on the motion for protective order. Because respondent's order is silent on whether she heard evidence, we cannot presume she considered Blain's answers which were not of record at the time of the hearing. We must consider the record as it appeared before the trial judge at the time of her ruling. *See, Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985).[1]

■ Nor may we presume in this case that, in the absence of a statement of facts, respondent made all necessary findings to support her judgment. When, as in the instant case, there is no indication that evidence was introduced before and considered by the trial court and which is not brought forward in the record, no presumptions are to be applied in favor of a judgment on the basis of the absence of a statement of facts. *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317, 318 (1961).

1. We do not decide in this case whether these answers, or whether any sworn answers to interrogatories may be sufficient to satisfy the requirement that the opponent of discovery produce some evidence to substantiate his claims.

■ A trial judge who denies discovery in the absence of evidence substantiating the exclusion pleaded, abuses her discretion. *Weisel,* 718 S.W.2d at 58. We have jurisdiction to issue a writ of mandamus when there has been a clear abuse of discretion in a discovery proceeding. TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp.1986); *Jampole v. Touchy,* 673 S.W.2d 569, 576 (Tex.1984); *Velasco v. Haberman,* 700 S.W.2d 729, 730 (Tex.App.—San Antonio 1985, orig. proceeding). The petition for writ of mandamus is conditionally granted. We are confident that Judge Haberman will vacate her protective orders signed August 21, 1987, and September 8, 1987, in cause number 87–CI–04382, styled Michael L. Blain v. Gary L. Thompson. The clerk of this court is directed to issue a writ of mandamus only if respondent refuses to do so.

Our action is without prejudice to another motion for protective order being filed and another hearing held where appropriate evidence can be developed.