No. 04-00-00256-CV



IN RE HARMAN INTERNATIONAL INDUSTRIES, INC.; Harman-Kardon, Inc.; JBL
International, Inc.; Infinity Systems, Inc.; and Loye D. Bechtold




Original Mandamus Proceeding


From the 229th Judicial District Court, Duval County, Texas


Trial Court No. 16,283


Honorable Alex W. Gabert, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Karen Angelini, Justice


Delivered and Filed: July 19, 2000


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

 In this mandamus proceeding, relators, Harman International Industries, Inc.; Harman-Kardon, Inc.; JBL International, Inc.; Infinity Systems, Inc.; and Loye D. Bechtold ("Harman")
challenge the order of respondent, the Honorable Alex W. Gabert, granting a motion for new trial
filed by real parties in interest, William Anderson and ALA Associates Enterprises, Inc.
("Anderson"). Because the motion for new trial was filed one day after the trial court's plenary
power to modify its judgment dismissing the case expired, it did not serve to extend the court's
jurisdiction and the order granting the motion for new trial is void for lack of jurisdiction.

 Mandamus is an extraordinary remedy that is available only in limited circumstances. See
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A writ of mandamus will issue to correct a
clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy
at law. See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). For example,
a writ of mandamus will issue to correct an order of the trial court that the court had no power to
render and which is, therefore, void. See Faulkner v. Culver, 851 S.W.2d 187, 188 (Tex. 1993).

 The record before us shows that the trial court signed a judgment of dismissal with prejudice
on December 3, 1999. The court's plenary jurisdiction to modify this judgment expired Monday,
January 3, 2000 in the absence of a proper motion for reinstatement or a motion for new trial. See
Tex. R. Civ. P. 329b (a & f)(motions for new trial); Tex. R. Civ. P. 165a (3)(motions for
reinstatement); Tex. R. Civ. P. 4 (computations of time when deadline falls on Saturday or Sunday). 
Anderson's motion for new trial is file-stamped January 4, 2000. On its face, the motion fails to
extend the trial court's plenary power.

 Harman responded in writing to Anderson's motion for new trial by asserting, among other
things, that the motion was not timely filed. The trial court held a hearing on the motion for new
trial, but no record of this hearing is before us. By affidavit included in its record in support of its
petition for writ of mandamus, Harman's counsel states that no evidence was presented at this
hearing. After this hearing on the motion for new trial, Harman filed a second written response to
the motion, again asserting the motion was not timely filed. While Anderson argued in response that
Texas Rule of Civil Procedure 5 (the "mailbox rule") permits filing of motions by United States mail
on the date they are due, the record does not show that he presented any competent evidence to the
trial court showing his compliance with the mailbox rule. When compliance with the mailbox rule
is disputed in a timely and specific manner, it is incumbent on the mailing party to produce proof of
such compliance. See Southwestern Bell Telephone Co. v. Perez, 904 S.W.2d 817, 822 (Tex. App.
­ San Antonio, 1995, orig. proceeding). 

 Anderson argues in response to the petition for writ of mandamus that the trial court did have
sufficient evidence before it to make the finding that the mailbox rule was complied with. For
instance, Anderson states the trial court could have taken judicial notice of its file which included
a cover letter to his motion for new trial dated January 3, 2000(1) and a letter to the clerk dated January
4, 2000 indicating that the filing fee was inadvertently not included with the motion. However, even
if these documents constituted enough proof of compliance with the mailbox rule, there is no
evidence in the record that the trial court took judicial notice of the documents. While a court may
take judicial notice sua sponte, the court must somehow notify the parties it has done so because
Texas Rule of Civil Evidence 201(e) guarantees to parties an opportunity to be heard as to the
propriety of taking such judicial notice. See McDaniel v. Hale, 893 S.W.2d 652, 673 (Tex.
App.­Amarillo 1994, writ denied).

 Anderson also argues that the trial court could have considered his unsworn arguments at the
hearing and in his written response to Harman's reply to the motion for new trial that the mailbox
rule was complied with. Unsworn statements of counsel can be accepted as evidence only when it
is clear that counsel is speaking in his capacity as an "officer of the court" and the opposing party
is clearly put on notice that it needs to object. Banda v. Garcia, 955 S.W.2d 270 (Tex. 1997); In re
Butler, 987 S.W.2d 221 (Tex. App.­ 14th Dist. 1999, orig. proceeding). There is no record that any
argument within these parameters was made orally to the trial court. Further, Harman objected in
writing to Anderson's failure to provide proof of compliance with the mailbox rule in its second
written response to the motion for new trial, which was filed after the hearing. There is no evidence
in our record that the trial court considered the unsworn statements, whether properly or improperly.
We cannot presume that the trial court made a finding in support of its judgment when, as in this
case, there is no indication that competent evidence was introduced before and considered by the trial
court. See Thompson v. Haberman, 739 S.W.2d 71, 72 (Tex. App.­San Antonio 1987, orig.
proceeding).

 Harman's petition for writ of mandamus is largely premised on its argument that the trial
court dismissed this case for want of prosecution and thus a verified motion for reinstatement was
the only instrument by which the trial court's plenary jurisdiction could be extended. Because we
find that the trial court's order was void on other grounds, we do not find it necessary to address the
issue of whether the unverified motion for new trial filed in this case would have extended the
court's plenary jurisdiction had it been timely filed. We note, however, that the case was dismissed
with prejudice based on Harman's motion to dismiss that alleged other grounds for dismissal besides
the want of prosecution ground. The trial court's order does not state the specific grounds for
dismissal.

 In conclusion, the trial court had no jurisdiction to grant Anderson's late-filed motion for new
trial, and there is no evidence that the trial court made a determination that the motion was filed in
compliance with the mailbox rule. The order granting the motion for new trial is void for want of
jurisdiction. We conditionally grant the petition for writ of mandamus. We are confident that Judge
Gabert, in accordance with our opinion, will withdraw the order granting the motion for new trial
in the above-numbered cause dated March 14, 2000. Writ will issue upon certification to this court
that he has not done so within ten days of this opinion.


 Karen Angelini, Justice

DO NOT PUBLISH

1. Harman did not include the cover letter dated January 3, 2000 in the record filed with this court. However,
Harman does not challenge Anderson's assertions that the letter was part of the trial court's file.