In re Jerrad Michael **GRASS** and Universal Cable Holdings, Inc., Relators,

v.

The Honorable Joe Bob **GOLDEN**, Respondent.

No. 12–04–00151–CV.

Court of Appeals of Texas, Tyler.

Dec. 8, 2004.

Darrell M. Minton, Benckenstein Norvell & Nathan, LLP, Beaumont, for relator.

Joe Bob Golden, Jasper, pro se.

John H. Seale, for real party of interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## *OPINION*

DIANE DeVASTO, Justice.

Relators Jerrad Michael Grass and Universal Cable Holdings, Inc. (collectively "Universal") filed a petition for writ of mandamus complaining of two orders. The first order quashed the deposition of Universal's designated expert. The second order denied Universal's motion to compel a physical and mental examination of real party in interest Richard Vrzalik by Universal's designated expert. For the reasons set forth below, we conditionally grant the writ in part and deny in part.

### Background

This discovery dispute arises out of a personal injury action Vrzalik filed against Universal. In response to Vrzalik's request for disclosure, Universal named Dr. Harris Hauser, a board certified neurologist and psychiatrist, as its testifying expert. In its description of Hauser's mental impressions and opinions, Universal stated as follows:

> Hauser has not yet formed any mental impressions and opinions, but is expected to conclude that the plaintiff's alleged injuries and conditions for which he sues were the result, in whole or in part, of preexisting conditions, diseases or other events or processes. Dr. Hauser may also testify that the amount and types of treatments received by the plaintiff were unnecessary and unreasonable.

Two weeks later, on February 3, 2004, Universal sent Vrzalik a notice of its intention to take Dr. Hauser's video deposition at Dr. Hauser's office in Houston on February 11. Vrzalik filed a motion to quash the deposition. The trial court granted the motion by order signed on February 10.

On February 24, Universal filed a motion to compel a physical and mental examination of Vrzalik. The examination was to be performed by Dr. Hauser at his office in Houston on March 11. Vrzalik filed written objections to the examination. By order signed on March 5, the trial court denied Universal's motion to compel the examination. The order included a finding that "[Universal is] entitled to an independent medical examination by a qualified doctor in Lufkin, Nacogdoches or Tyler, Texas, upon [its request]."

Universal filed a motion for clarification of the March 5 order based upon opposing counsel's interpretation, communicated by letter, that the trial court "would not allow an examination by Dr. Hauser, because Dr. Hauser had already made his mind up." At a hearing on March 26, the trial court confirmed that the order did not permit Dr. Hauser to examine Vrzalik even if Dr. Hauser traveled to Lufkin, Nacogdoches, or Tyler to perform the examination. This original proceeding followed.

Universal also filed a motion for emergency relief alleging that the underlying proceeding was second on the trial docket for May 17, 2004. We granted the motion on May 7, 2004 and stayed all trial court proceedings.

### Prerequisites to Mandamus

Mandamus is "an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Mandamus relief is available only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re*

*Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000). The relator has the burden of showing both prerequisites to mandamus. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994) (orig.proceeding). This burden is a heavy one. *Id.*

■ An appellate remedy is not inadequate merely because it might involve more expense or delay than obtaining a writ of mandamus. *Walker*, 827 S.W.2d at 842. Appeal is inadequate for challenging a discovery order when (1) the appellate court would not be able to cure the trial court's discovery error; (2) the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; or (3) the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *Id.* at 843. Mandamus relief is also available where the trial court's order conflicts with a rule of civil procedure. *Wal–Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex.1988) (orig.proceeding); *In re Rogers*, 43 S.W.3d 20, 29 (Tex.App.-Amarillo 2001, orig. proceeding).

## Order Quashing Deposition

Universal contends that the trial court's quashal order is not supported by the record and also violates Texas Rule of Civil Procedure 199.2(b)(2). Vrzalik counters that whether a deposition should be taken is within the sound discretion of the trial court and that the trial court has broad powers to control the time, place, and manner of depositions. Therefore, he concludes, the trial court did not abuse its discretion by quashing Dr. Hauser's deposition.

### Protection from Discovery

■ A notice for an oral deposition must state a reasonable time and place for the deposition. Tex.R. Civ. P. 199.2(2). The place may be in (1) the county of the witness's residence; (2) the county where the witness is employed or regularly transacts business in person; (3) the county of suit if the witness is a party or designated as a party representative under Rule 199.2(b)(1); (4) the county where the witness was served with the subpoena, or within 150 miles of the place of service, if the witness is not a Texas resident or is a transient person; or (5) subject to the foregoing, at any other convenient place directed by the court in which the cause is pending. *Id.* "Convenience" is determined from the perspective of the witness. *In re Western Star Trucks US, Inc.*, 112 S.W.3d 756, 765 (Tex.App.-Eastland 2003, orig. proceeding) (citing *Street*, 754 S.W.2d at 155).

A party commanded to appear at a deposition or any other person affected by the subpoena may move for a protective order under Texas Rule of Civil Procedure 192.6(b). Tex.R. Civ. P. 176.6(e). A movant seeking protection regarding the time or place of discovery must state a reasonable time and place for discovery with which it will comply. Tex.R. Civ. P. 192.6(a). To protect the movant, the court may make any order in the interest of justice, including an order that the discovery not be undertaken at the time or place specified. Tex.R. Civ. P. 192.6(b)(3). However, the court's order may not contravene Rule 192.2. *Street*, 754 S.W.2d at 155; *Western Star Trucks*, 112 S.W.3d at 765; *Rogers*, 43 S.W.3d at 29.

### Motion to Quash

■ To prevail on his motion to quash, Vrzalik was required to show that conducting Dr. Hauser's deposition in Houston would cause Vrzalik to suffer undue bur-

den, unnecessary expense, harassment, annoyance, or an invasion of his protected rights. *See* TEX.R. CIV. P. 192.6(b)(3). Vrzalik was also required to show that the location he selected for the deposition was convenient for Dr. Hauser. *See* TEX.R. CIV. P. 199.2(2)(e); *Street*, 754 S.W.2d at 155; *Western Star Trucks*, 112 S.W.3d at 765; *Rogers*, 43 S.W.3d at 29.

In his motion, Vrzalik complained that Dr. Hauser had never seen him and that Vrzalik's attorney had never been furnished with a report of any kind from Dr. Hauser. Vrzalik then alleged that "it is unfair and a hardship to force [Vrzalik's] attorney to drive to Houston to participate in a deposition of a person [1] who is not a witness having any knowledge of [Vrzalik's] physical condition, and [2] who plans to testify that treatment and bills are not reasonable or necessary." Finally, Vrzalik stated that he had no objection to Hauser's deposition being conducted in either Jasper or Hemphill.

 Based upon our review of the materials filed in this proceeding, we conclude that Vrzalik's allegations are unsupported by the record. It is undisputed that no evidence was adduced at the hearing on the motion to quash and no record was made of the proceeding. Pleadings are not evidence. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995). Consequently, the record contains no evidence showing undue burden, unnecessary expense, or any other circumstance justifying relief under Rule 192.6(b)(3). A trial court abuses its discretion when it limits discovery in the absence of substantiating evidence.

*See Thompson v. Haberman*, 739 S.W.2d 71, 73 (Tex.App.-San Antonio 1987, orig. proceeding). Moreover, the record contains no evidence that any location other than Houston is either expressly authorized by Rule 199.2(2) or convenient for Dr. Hauser. Thus, the trial court's order conflicts with Rule 199.2(2) and constitutes an abuse of discretion. Therefore, mandamus is available.[1] *Street*, 754 S.W.2d at 155; *Western Star Trucks*, 112 S.W.3d at 765; *Rogers*, 43 S.W.3d at 29.

### ORDER DENYING PHYSICAL AND MENTAL EXAMINATION

After the trial court quashed Dr. Hauser's deposition, Universal filed a motion to compel Vrzalik to submit to a physical and mental examination conducted by Dr. Hauser. Vrzalik objected that Dr. Hauser is not a fair and non-biased witness and that requiring Vrzalik travel to Houston for the medical examination would be unreasonable. Vrzalik did not challenge Universal's allegations that good cause exists for the examination and that Vrzalik's physical and mental conditions are in controversy. *See* TEX.R. CIV. P. 204.1(c)(1).

 At the hearing on the motion, the following exchange occurred between Universal's counsel and the trial court:

COUNSEL: This is a motion to compel the mental and physical examination of the plaintiff. I have tried to take a deposition of Dr. Harris Hauser, and it was quashed. There was less than three days notice given of the hearing; but it was quashed against my objections, on the basis that the doctor had not examined the patient. I'm trying

---

1. Ordinarily, when no statement of facts is filed, an appellate court presumes that the evidence supports the trial court's ruling on discretionary matters. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987) (citing *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79 (1955)). Where, as here, no evidence is introduced before and considered by the trial court and then brought forward in the record, no presumptions are to be applied in favor of an order. *Simon*, 739 S.W.2d at 795.

to remedy that and have been for several months. I've moved to allow Dr. Harris Hauser to examine the plaintiff to render a medical opinion.

COURT: Is this one of those where he's going to testify from records or actually hands-on examination?

COUNSEL: Well, if I'd had the opportunity to take his deposition, it would have been from the records only.

In its mandamus petition, Universal also refers to its preferred method of discovery:

[Universal] noticed Dr. Hauser's deposition to preserve his opinions and put them in an admissible form that the jury might hear and understand.... As already discussed, Vrzalik and Respondent quashed the deposition, so the information could not be obtained through the less intrusive means of having an expert interpret the medical records and testify regarding his findings.... Thus, the information needed by [Universal] to develop a defense (*i.e.* a clear description of the actual medical and mental condition of Vrzalik) could not be obtained through the less intrusive means of taking Vrzalik's oral deposition, propounding written interrogatories, obtaining his medical records, or obtaining the testimony of a qualified physician on the subject. Accordingly, Relators have met the final test entitling them to a physical and mental examination of Vrzalik, and Respondent abused his discretion by overruling the motion to compel the examination.

Our disposition of the trial court's quashal order permits Universal to proceed with its original plan for obtaining the information necessary for the presentation of its defense. Consequently, we do not address the trial court's order denying Universal's motion to compel.

## DISPOSITION

For the reasons set forth above, we hold the trial court's order dated February 10, 2004 quashing the oral deposition of Dr. Harris Hauser constitutes an abuse of discretion. Because the order conflicts with Texas Rule of Civil Procedure 192.2, we conditionally grant the writ as to that order. We are confident that, within ten days of this opinion, the trial court will enter an order vacating its February 10 order and denying Vrzalik's motion to quash Dr. Hauser's deposition. The writ will issue only if it fails to do so.

We do not address Universal's challenge to the March 5, 2004 order denying Universal's motion to compel a physical and mental examination. Accordingly, as to that order, we deny the writ. However, the denial is without prejudice in the event Universal should choose to refile. The stay of May 7, 2004 is lifted.

***Writ conditionally granted in part and denied in part without prejudice.***