

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00050-CV
_____

IN RE:  TITUS COUNTY, TEXAS

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

# O P I N I O N

## I.     Background

Titus County, Texas (the County), initiated proceedings in eminent domain to acquire property owned by PMCI Properties II, L.P. (PMCI), and William D. Priefert, individually and as trustee of the Virginia M. Priefert Management Trust (collectively Priefert), for the purpose of constructing a public highway.  The County served Priefert with notice of intent to take the oral deposition of William Priefert, alleged to be one of the landowners in this case.  Priefert moved to quash the notice on the grounds that Priefert's counsel was not available on the date for which notice was given and that Priefert "has no unique knowledge about this case and has no knowledge or opinions concerning the market value of Defendants' properties or the compensation due to Defendants for the taking involved in this matter."  Priefert claimed that any attempt to take William Priefert's deposition was "a mere fishing expedition, in violation of the Texas Rules of Civil Procedure, a waste of time, harassing and abusive."

In response to this motion, the County claimed entitlement to depose Priefert because he is the partial owner of one of the properties that is the subject of the eminent domain proceeding.[1]  In addition to this ownership interest, Priefert identified William Priefert in its written discovery responses as a person with knowledge of relevant facts.[2]

---

[1]The County initiated two separate condemnation actions to acquire adjacent properties (Parcels 41 and 18) under different ownerships.  The Parcel 41 action was against PMCI.  William Priefert asserts that he does not own any interest in Parcel 41.  This assertion, however, is not supported in the record.  It is alleged that this parcel is leased to Priefert Manufacturing Co., Inc., and Priefert Logistics, LP.  William Priefert is the Chief Executive Officer of Priefert Manufacturing, but not Priefert Logistics.  Priefert alleges that Parcel 18 is a 318.896-acre tract adjacent to Parcel 41, which is owned by the Virginia M. Priefert Management Trust.  Priefert alleges that Parcel 18 is used for homes, as a training facility, to hold corporate meetings, and to provide water for Priefert Manufacturing.  It is

Priefert filed an amended motion to quash the notice of deposition, appending a supporting affidavit signed by William Priefert. William Priefert's affidavit states, in pertinent part:

> "4.    I do not have any personal or unique knowledge of the fair market value of the properties that are the subject of these suits. I do not have any personal or unique knowledge of the damages resulting from the takings the subject of these suits. I have no personal or unique knowledge of relevant facts pertaining to these properties or these suits. David Smith is the person most aware of the history of these properties and their uses, leases and characteristics. David Smith knows the details about all purchases of land by me or any Priefert entities, and he maintains the paperwork on them and could better recall the details than me. I have no knowledge about them that David Smith does not know.
>
> 5.    David Smith is the CFO of all entities in which I am involved, and he has personal and the most knowledge of the workings of the entities, the properties that are the subject of this suit and of the issues created by the takings involved in these suits. I have no personal or unique knowledge pertaining to the issues created by the takings involved in these suits or any other matters relating to the value of the properties the subject of these suits. I have no personal or unique knowledge of the leases pertaining to the properties the subject of this suit and David Smith is the person who has the most knowledge about the leases. Any information potentially pertinent to these suits is best known by David Smith or other employees, not me, and Mr. Smith handles the business affairs of these entities and of the properties that are the subject of this suit. There are no matters potentially pertinent to these suits or the value of the properties involved before or after the takings of which I am aware that David Smith is not more aware of to my knowledge."

Priefert further alleged, in its amended motion to quash, that the deposition of William Priefert "would cause unnecessary expense, be unduly burdensome and would not lead to the

---

alleged that the Parcel 18 action was against William D. Priefert, individually and as trustee of the Virginia M. Priefert Management Trust. Priefert alleges that William Priefert (in his individual capacity) owns a remainder interest in Parcel 18 and has a home site on it. After being separately filed, the two suits were consolidated into one action for trial.

[2]After the listing of "William D. Priefert," in response to an interrogatory asking for persons having knowledge of relevant facts, "Mr. Priefert" is identified as the "Defendant/Condemnee herein."

discovery of admissible evidence. Furthermore, information that might be obtained from William D. Priefert, if any, can be obtained from a less intrusive, less burdensome means." Priefert, thus, requested the issuance of a protective order pursuant to Rule 192.6 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 192.6.[3] The County responded, opposing the motion to quash, and filed a motion to compel.

The controversy concerning the effort to compel Priefert to appear at his deposition was heard before the judge of the 276th Judicial District Court of Titus County. After that hearing,

---

[3]Rule 192.6 provides,

> (a) *Motion*. A person from whom discovery is sought, and any other person affected by the discovery request, may move within the time permitted for response to the discovery request for an order protecting that person from the discovery sought. A person should not move for protection when an objection to written discovery or an assertion of privilege is appropriate, but a motion does not waive the objection or assertion of privilege. If a person seeks protection regarding the time or place of discovery, the person must state a reasonable time and place for discovery with which the person will comply. A person must comply with a request to the extent protection is not sought unless it is unreasonable under the circumstances to do so before obtaining a ruling on the motion.
>
> (b) *Order*. To protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, the court may make any order in the interest of justice and may—among other things—order that:
>
>> (1) the requested discovery not be sought in whole or in part;
>>
>> (2) the extent or subject matter of discovery be limited;
>>
>> (3) the discovery not be undertaken at the time or place specified;
>>
>> (4) the discovery be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court;
>>
>> (5) the results of discovery be sealed or otherwise protected, subject to the provisions of Rule 76a.

TEX. R. CIV. P. 192.6.

the trial court entered an order granting Priefert's motion to quash William Priefert's notice and denying the County's motion to compel him to submit for a deposition. The County claims the trial court abused its discretion in preventing it from deposing one of the landowners in this consolidated condemnation case. It thus seeks a writ of mandamus, asking this Court to direct the trial court to set aside the order granting the motion to quash.

## II.    Analysis

### A.    Prerequisites to Mandamus

We may issue a writ of mandamus in a discovery matter to correct a clear abuse of discretion when there is no adequate appellate remedy. *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 255–56 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A "[w]rit of mandamus is proper when the trial court has clearly abused its discretion in denying discovery of properly discoverable information." *Smith, Wright & Weed, P.C. v. Stone*, 818 S.W.2d 926, 928 (Tex. App.—Houston [14th Dist.] 1991, no writ) (orig. proceeding) (citing *Garcia v. Peeples*, 734 S.W.2d 343 (Tex. 1987 (orig. proceeding)). "[A] failure by the trial court to analyze or apply the law correctly, as when a discovery order conflicts with the Texas Rules of Civil Procedure, constitutes an abuse of discretion." *In re West*, 346 S.W.3d 612, 615 (Tex. App.—El Paso 2009, orig. proceeding). A writ of mandamus is the proper vehicle to attack an order denying discovery. *In re El Paso Healthcare Sys.*, 969 S.W.2d 68, 72 (Tex. App.—El Paso 1998, orig. proceeding). While the trial court has great latitude in controlling discovery, it can abuse its discretion if it acts unreasonably and arbitrarily. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam).

**B.      Order Quashing Deposition Notice Was Improper**

As Priefert did in this case, a party commanded to appear at a deposition may move for a protective order under Rule 192.6 of the Texas Rules of Civil Procedure. *Grass v. Golden*, 153 S.W.3d 659, 662 (Tex. App.—Tyler 2004, orig. proceeding). The party seeking to avoid a deposition is required to show particular, specific, and demonstrable injury by facts sufficient to justify a protective order. *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding). A trial court abuses its discretion when it limits discovery in the absence of evidence substantiating the exclusion pleaded. *See Thompson v. Haberman*, 739 S.W.2d 71, 73 (Tex. App.—San Antonio 1987, orig. proceeding). Thus, to prevail on its motion to quash, Priefert was required to show that the deposition would cause William Priefert to suffer undue burden, unnecessary expense, harassment, or an invasion of protected rights. *See* TEX. R. CIV. P. 192.6(b)(1).

Here, however, Priefert maintains that the rules applicable to an "apex" deposition[4] apply. Under *Crown Central*, a party seeking to prevent the deposition of an apex-level witness

---

[4]The first mention by the Texas Supreme Court of an "apex" deposition came in a dissent by Justice Raul Gonzalez and joined by Justice Nathan Hecht, observing and complaining of what he perceived as a common tactic wherein,

> Plaintiffs in "plain vanilla" personal injury and property damage cases continue to seek to depose the highest ranking executives of large corporations as a tactic for pressuring settlement. I believe that when these "apex" depositions are allowed before less intrusive means of discovery have been exhausted, it creates a huge potential for abuse and harassment, and needlessly increases the cost of litigation.

*Monsanto Co. v. May*, 889 S.W.2d 274, 274 (Tex. 1994) (orig. proceeding) (Gonzalez, J., dissenting). The next year, a majority in that court set out rules for the identification of apex depositions and prescribed procedures to be followed for protection from them in *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995) (holding apex deposition guidelines apply "[w]hen a party seeks to depose a corporate president or other high level corporate official").

must move for protection and must file the corporate official's affidavit denying any knowledge of relevant facts. *Crown Cent.*, 904 S.W.2d at 128; *see also In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175–76 (Tex. 2000) (orig. proceeding). The trial court must then evaluate the motion and decide if the party seeking the deposition has "arguably shown that the official has any unique or superior personal knowledge of discoverable information." *Crown Cent.*, 904 S.W.2d at 128. "If the party seeking the deposition cannot show that the official has any unique or superior personal knowledge of discoverable information, the trial court should" not allow the deposition to go forward without a showing, after a good-faith effort to obtain the discovery through less intrusive means, "(1) that there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible evidence, and (2) that the less intrusive methods of discovery are unsatisfactory, insufficient or inadequate." *Id.*; *see also Alcatel*, 11 S.W.3d at 176; *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 842 n.2 (Tex. 2008) (orig. proceeding).

Indeed, this describes the procedure followed in the trial court here. William Priefert moved for protection and filed his affidavit purporting to deny (although not completely) knowledge of relevant facts. The trial court, in granting the motion to quash William Priefert's deposition, stated,

> Okay, let me tell you what I'm going to do. I'm going to at this time grant the motion to quash; however -- and I'm assuming, Mr. McFarland, you're going to take the deposition of whoever the CFO is, look at all the documents, and if you think there's something that's missing, then you come back to court. . . . You reurge your motion. . . .

7

The trial court went on to state,

> What I believe I'm hearing y'all are going to do, you're going to be looking at documents that the landowner is going to furnish to you. You're going to be taking the deposition of this person that they've identified in their affidavit. And if you think there are some loose ends, you bring this issue back up again.
>
> . . . .
>
> I'm granting this motion sort of qualified, and I'm not telling you you can't re-notice the deposition if there's something that's not  -- you know, if you think there's some issue that needs to be addressed. . . .[5]

Priefert contends that the trial court did exactly what is required by the Texas Supreme Court when "a party seeks to depose a high level corporate official and the official files a motion accompanied by an affidavit denying knowledge of relevant facts."  That is, because Priefert's affidavit denied knowledge of relevant facts, the County was obliged to show that William Priefert's deposition is reasonably calculated to lead to the discovery of admissible evidence and that other, less intrusive means of discovery are "unsatisfactory, insufficient or inadequate." *Crown Cent*., 904 S.W.2d at 128.  Once the corporate official files a motion for protection accompanied by an "affidavit denying any knowledge of relevant facts," the burden then shifts to the party seeking the deposition to show that the official possesses some pertinent personal knowledge of relevant facts.  *Id*.  Priefert maintains that based on the affidavit submitted, William Priefert's deposition cannot lead to the discovery of admissible evidence.  Further, Priefert claims the County failed to show that William Priefert possesses some pertinent personal

---

[5]The trial court's written order states that "The Court, having considered the motions, responses and argument of Counsel, has determined that Defendants' Motion should be GRANTED and Plaintiff's Motion should be DENIED. It is therefore,

ORDERED that Defendants' Motion to Quash is GRANTED and Plaintiff's Motion to Compel is DENIED."

knowledge of relevant facts. Moreover, Priefert maintains that because the County has yet to complete less intrusive means of discovery (such as deposing Smith), it cannot show that less intrusive means of discovery are in some way inadequate. Thus, Priefert contends, the trial court correctly granted the motion to quash. Based on the trial court's explanation of its ruling at the hearing, Priefert further maintains that because the County may re-urge its request to depose William Priefert if, after having pursued less intrusive means of discovery, it still believes that something pertinent may be missing, there are "loose ends," or if "there's some issue that needs to be addressed," the mandamus request is premature.[6]

The County contends that it is not attempting to depose William Priefert in his capacity as a high-ranking officer of any type of corporate entity. Instead, it is "trying to depose [William] Priefert who is the property owner in these cases." The County contends that "it's just not possible" to fit this type of condemnation dispute, involving valuation and involving an individual landowner who has bought and sold property in the immediate vicinity of the two properties involved, into "the Apex deposition situation." We agree.

The apex doctrine does not provide automatic protection to all high-ranking corporate officers whose depositions have been noticed. *See, e.g.*, *Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 168 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (apex doctrine not applicable when person noticed for deposition has "first-hand knowledge of certain facts"). Instead, the doctrine applies "only when the deponent has been noticed for deposition because of

---

[6]Priefert maintains that the trial court merely delayed William Priefert's deposition until the County could determine any reason why that deposition was still needed after the deposition of Smith, the Chief Financial Officer of each of the entities in which William Priefert is involved.

9

his corporate position." *Simon v. Bridewell*, 950 S.W.2d 439, 442 (Tex. App.—Waco 1997, orig. proceeding) (per curiam); *In re Doe*, No. 13–10–000590–CV, 2011 WL 1158765, at *2 (Tex. App.—Corpus Christi Feb. 10, 2011, orig. proceeding) (mem. op.) (per curiam).

Moreover, the apex doctrine does not protect named parties from deposition. *Simon*, 950 S.W.2d at 443. William D. Priefert, in his capacity as trustee of the Virginia M. Priefert Management Trust, is a named party in this lawsuit. The Virginia M. Priefert Management Trust is the owner of Parcel 18, which comprises a large portion of the property subject to condemnation proceedings. William Priefert, individually, is also the owner of a remainder interest in Parcel 18, and title to his home site is located on Parcel 18.[7] Even if the apex doctrine might provide a shield for William Priefert in his capacity as an officer of the corporation whose property is the subject of the eminent domain proceedings under some circumstances, that does not necessarily provide him a shield in other capacities not subject to that doctrine.

This is a condemnation case involving a landowner. The noticed deposition was not entirely an apex deposition. Under Rule 192.6, Priefert objected to the County's discovery and, thus, had the burden of showing why that discovery should not go forward. While the record contains evidence showing that Smith may be more knowledgeable regarding the value of the property to be condemned, that is not evidence that William Priefert would be unduly burdened, would incur unnecessary expense or harassment, or would somehow suffer an invasion of his protected rights simply by giving a deposition. *See Thompson*, 739 S.W.2d at 73 (trial court abuses its discretion when it limits discovery in the absence of substantiating evidence); *see also*

---

[7]Priefert alleges that William Priefert does not have an ownership interest in Parcel 41.

10

*Garcia*, 734 S.W.2d at 345 (party seeking to avoid deposition required to show particular, specific, and demonstrable injury). Based on our review of the materials filed in this proceeding, we conclude that Priefert's allegations are unsupported by the record. The grant of a motion to quash in the absence of substantiating evidence is an abuse of discretion. *See Thompson*, 739 S.W.2d at 73.

### C. Adequacy of Appellate Remedy

Even though the County has established that the trial court abused its discretion, it still must establish that it has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Appeal is inadequate for challenging a discovery order when (1) the appellate court would not be able to cure the trial court's discovery error, (2) the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error, or (3) the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *Walker*, 827 S.W.2d at 843. Mandamus relief is also available where the trial court's order conflicts with a rule of civil procedure. *Wal–Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex. 1988) (orig. proceeding) (per curiam); *In re Rogers*, 43 S.W.3d 20, 29 (Tex. App.—Amarillo 2001, orig. proceeding) (per curiam).

The mere fact that a party to this lawsuit is also a high-ranking corporate official will not prevent his deposition from being taken when it is otherwise proper. Here, because William Priefert owns (both in his capacity as trustee and as a remainderman) an interest in at least one parcel of condemned property and is a party to this lawsuit, his testimony is relevant or could

lead to the discovery of admissible evidence.[8]  Absent mandamus relief, the missing testimony cannot be made a part of the appellate record.  We conclude that appeal is not an adequate remedy from the denial of the County's right to depose William Priefert.[9]  *See Walker*, 827 S.W.2d at 843.

## III.     Conclusion

We, conditionally, grant the petition for writ of mandamus and instruct the trial court to vacate its May 10, 2013, order granting the motion to quash the deposition notice of William Priefert. The writ will issue only if the trial court fails to comply with this opinion within fourteen days.


Bailey C. Moseley
Justice


Date Submitted:     August 27, 2013
Date Decided:       August 28, 2013

---

[8]The County contends the information it received in discovery from Priefert indicates that William Priefert "bought the airport property, signed the bid on the airport property, signed all the leases on which their appraiser relies, [and] signed the settlement statement for their appraisers in proof of sale number one from Mid-American Holdings to PMCI Properties."  Evidently, William Priefert's name appears on "many, many instruments" upon which appraisers have relied to determine market value before and after the taking.  This includes a claim of $1.2 million and a denial of access claim.  While William Priefert may not have an opinion on valuation (as stated in the affidavit) he may very well, and most probably does, have knowledge of relevant facts or facts which might lead to the discovery of admissible evidence.

[9]We reject the notion that the County may depose William Priefert only if less intrusive methods of discovery prove to be unsatisfactory.  While the trial court indicated that the County could re-urge its motion at a later time, this is true of any motion for which relief is denied.  The order granting Priefert's motion to quash and denying the County's motion to compel the deposition does not merely delay the requested discovery, it denies it.

12