**Conditionally Granted; Opinion Filed December 6, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01036-CV

### IN RE MUSTANG ASSET RECOVERY, LTD., Relator

**Original Proceeding from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-16417**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

Relator Mustang Asset Recovery, Ltd., as the assignee of a judgment arising from a divorce, seeks to collect more than $2 million owed by real party in interest, Rebecca Lange. Mustang served a post-judgment deposition notice seeking Lange's deposition, and, on Lange's motion, the trial court quashed the deposition and entered a protective order disallowing Lange's deposition "at this time." Contending the trial court abused its discretion in quashing its rule 621a deposition, Mustang seeks a writ vacating the order. After reviewing the petition, the response, and the record, we conditionally grant the writ.

### BACKGROUND AND PROCEDURAL HISTORY

Mustang Asset Recovery, Ltd., is the successor-in-interest to a judgment obtained by James Dondero against Rebecca Lange f/k/a Rebecca Dondero in the amount of $1,994,600, plus post-judgment interest at the rate of five percent, as set forth in the second amended final decree of divorce dated June 28, 2016. In connection with its pursuit of non-exempt assets, Mustang

requested and obtained a turnover order and the appointment of a receiver on February 7, 2019.

On March 8, 2019, Lange filed a motion to dissolve the appointment of a receiver, a request for a temporary restraining order, and, in the alternative, an emergency motion for early payment of child support (the motion to dissolve). On direct examination at the April 3, 2019 hearing on the motion to dissolve, and in response to her counsel's questions, Lange testified she had no nonexempt assets; she had no income; she depended on her ex-husband for child support; and she depended on her current husband for all other financial needs. She testified that her financial status had not changed since she had answered lengthy written discovery requests regarding her assets, expenditures, and income. At the hearing, Mustang's counsel cross-examined Lange briefly but generally regarding issues pertaining to the receiver's actions rather than her assets. On April 4, 2019, the trial court signed an order granting the motion to dissolve and vacating the February 7 turnover order.

After the receiver was discharged, and after Lange's counsel refused to provide available dates for her deposition, Mustang served Lange with a deposition notice in April 2019. Within three days of service of that notice, Lange filed a motion to quash the deposition and motion for protective order on April 16, 2019. Lange attached an unauthenticated copy of the deposition notice to the motion, but she provided no other evidence. Mustang's response to the motion included the declaration of its counsel and authenticated emails that were exchanged between Mustang's counsel and counsel for Lange concerning Lange's refusal to provide dates for the deposition.

At the May 20, 2019 hearing on the motion to quash, attorneys for both parties argued, but no evidence was presented. Echoing arguments raised in her motion, Lange argued that her testimony at the motion to dissolve hearing had rendered the deposition noticed by Mustang unnecessary, cumulative, and duplicative, and she argued the deposition was sought for purposes

of harassment. She also argued that her continuing obligation to supplement her answers to Mustang's written discovery would suffice to update Mustang as to any changes in her financial condition. In addition, Lange argued that 621a of the rules of civil procedure[1] expressly provided post-judgment discovery was subject to the same "judicial supervision" as pre-judgment discovery.

Mustang argued it had received no notice Lange was going to testify at the hearing on the motion to dissolve; it had no documents regarding Lange's financial condition to use in cross-examining her at that hearing; and Lange's testimony at the hearing was not a substitute for deposition testimony. Mustang also argued that rule 190.6[2] exempted its post-judgment discovery from the limits imposed on discovery by rule 190, and it argued that rule 621a imposed no limits on the number of depositions to which a judgment creditor was entitled. Mustang also asserted that even if the six-hour time limit for depositions provided by rule 199.5(c)[3] applied, Lange's two prior post-judgment depositions (one taken approximately a year and a half before the hearing, according to Mustang's counsel, and the other taken about eight months earlier) had taken less than three hours total. Mustang further argued that supplementing the written discovery requests would take far more time for Lange than appearing for the deposition; and, regardless of the answers to the written discovery, it was entitled to Lange's deposition.

After listening to the parties' arguments, the trial court stated that it would grant the motion to quash and deny the deposition "at this time." Counsel for Mustang asked if they would have

---

[1] Rule 621a, which governs post-judgment discovery, allows discovery only "for the purpose of obtaining information to aid in the enforcement" of a judgment that has not been superseded and "for the purpose of obtaining information relevant to" rule 24 motions. TEX. R. CIV. P. 621a; *In re Longview Energy Co.*, 464 S.W.3d 353, 362 (Tex. 2015) (orig. proceeding); *In re Emeritus Corp.*, 179 S.W.3d 112, 114 (Tex. App.—San Antonio 2005, orig. proceeding [mand. dism'd]). The judicial supervision of post-judgment discovery proceedings is the same as for pre-trial discovery. TEX. R. CIV. P. 621a.

[2] Rule 190.6 provides: "This rule's limitations on discovery do not apply to or include discovery conducted under Rule 202 ('Depositions Before Suit or to Investigate Claims'), or Rule 621a ('Discovery and Enforcement of Judgment'). But Rule 202 cannot be used to circumvent the limitations of this rule." TEX. R. CIV. P. 190.6.

[3] Rule 199.5(c) provides: "No side may examine or cross-examine an individual witness for more than six hours. Breaks during depositions do not count against this limitation." TEX. R. CIV. P. 199.5(c).

the opportunity to revisit the issue "at some point down the road," to which the trial court replied, "Yes, sir. Just depends on the facts and circumstances as they develop."

On May 20, 2019, the trial court signed an order granting Lange's motion to quash her deposition and motion for a protective order. The order states that "[t]he Court finds that Mother has provided testimony in open Court in the presence of Judgment Creditor Mustang Asset Recovery, Ltd.," and that this "wholly obviates conducting a deposition of Mother." The order also stated that the "[j]udgment Creditor Mustang Asset Recovery, Ltd. shall not conduct a deposition of Rebecca Lange, at this time." Mustang then filed this petition for writ of mandamus.

### DISCUSSION

To be entitled to mandamus relief, a relator must demonstrate that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

Mandamus provides an appropriate remedy when a trial court abuses its discretion with respect to a post-judgment discovery order. *Beilamowicz v. Cedar Hill Indep. Sch. Dist.*, 136 S.W.3d 718, 723 (Tex. App.—Dallas 2004, pet. denied) ("Mandamus is appropriate to obtain judicial review of a trial court's post-judgment discovery order."). Trial judges may exercise discretion in granting protective orders and "controlling the nature and form of discovery, but that discretion is not without bounds." *In re Topletz*, No. 05–17–00315–CV, 2017 WL 3634296, at *1 (Tex. App.—Dallas Aug. 24, 2017, orig. proceeding) (mem. op.) (citing *In re Collins*, 286 S.W.3d

911, 918 (Tex. 2009) (orig. proceeding)). Evidence of a "particular, specific, and demonstrable injury" is necessary to justify a protective order. *In re Collins*, 286 S.W.3d at 919; *In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding); *In re Topletz*, 2017 WL 3634296, at *1.

To prevail on a motion to quash a deposition, the movant must show the deposition would cause her "to suffer undue burden, unnecessary expense, harassment, or an invasion of protected rights." *In re Titus Cty.*, 412 S.W.3d 28, 33 (Tex. App.—Texarkana 2013, orig. proceeding) (citing TEX. R. CIV. P. 192.6(b)(1)). Conclusory statements do not satisfy the movant's burden. *In re Alford Chevrolet–Geo*, 997 S.W.2d at 181 (denying writ where relators "did not produce any evidence that their existing discovery obligations are unduly burdensome"); *Masinga v. Whittington*, 792 S.W.2d 940, 941 (Tex. 1990) (orig. proceeding) ("Conclusory statements within a motion do not suffice."); *In re Topletz*, 2017 WL 3634296, at *1. Likewise, arguments of counsel are insufficient to meet the movant's evidentiary burden. *See, e.g., In re United Fire Lloyds*, 578 S.W.3d 572, 581 (Tex. App.—Tyler 2019, orig. proceeding) (trial court abused its discretion in granting protective order where movant attached no evidence to motion to quash to demonstrate objectionable requests were unduly burdensome or harassing and offered no supporting evidence at the hearing on its motion, because "[a]ny arguments made by its counsel do not constitute evidence"); *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding trial court abused its discretion in granting motion to quash depositions, where movant presented arguments but no evidence that depositions at issue were duplicative of prior discovery); *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex. App.—Dallas 2003, orig. proceeding) (finding abuse of discretion where trial court granted motion for discovery sanctions, where movant provided no evidence in support of abuse precipitating motion and "motion for sanctions, standing alone, is not evidence of bad faith or harassment"); *In re Amaya*,

34 S.W.3d 354, 358 (Tex. App.—Waco 2001, orig. proceeding) (attorney's argument at hearing was no substitute for evidence to show time, expense, or burden necessary to justify protective order).

As we noted earlier, trial courts have discretion to control the nature and form of discovery, but that discretion is not unlimited. *In re Topletz*, 2017 WL 3634296, at *1. "A trial court abuses its discretion by limiting discovery in the absence of some evidence supporting the request for a protective order." *Id.*; *see In re Alford Chevrolet–Geo*, 997 S.W.2d at 181. In this case, counsel for Lange presented arguments at the hearing on the motion to quash but did not present evidence in support of the motion. Lange's motion was unverified; the transcript from the April 3, 2019 hearing on the motion to dissolve was not made a part of the record at the hearing on the motion to quash; nor did her counsel request the trial court to judicially notice the evidence from the prior hearing.

Because no evidence was presented in support of Lange's motion, we conclude the trial court abused its discretion in granting the motion to quash and motion for protective order. Accordingly, we conditionally grant the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its May 20, 2019 order granting the motion to quash the deposition of Rebecca Lange and motion for a protective order.

/Lana Myers/
LANA MYERS
JUSTICE

191036F.P05