**HOSPITAL CORPORATION OF AMERICA, Relator,**

v.

**The Honorable Sidney FARRAR, Judge, 153rd District Court, Tarrant County, Texas, Respondent.**

No. 2–87–129–CV.

Court of Appeals of Texas, Fort Worth.

July 2, 1987.

Gould, Broude & Nelson, Maxine M. Harrington, Shannon, Gracey, Ratliff & Miller, Law Office of J.M. Lee and Baker & Botts and Cantey, Hanger, Gooch Munn & Collins, Fort Worth, for relator.

Keith, Strickland & Wagner and Darrell L. Keith, Fort Worth, for respondent.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

BURDOCK, Justice.

In this petition for writ of mandamus, we are requested to order the vacation of an order signed by respondent, Judge Sidney C. Farrar, Jr., in connection with a party plaintiff's effort to depose a non-party, foreign corporation through the corporation's chief executive officer, one Dr. Thomas F. Frist, Jr. Deposition of Dr. Frist had been opposed on the grounds that the plaintiff, the real party in interest here, is not authorized to designate the corporate officer to give testimony on behalf of the corporation, Hospital Corporation of America, and a jurisdictional ground based upon failure to obtain service of notice and subpoena upon the Hospital Corporation of America or Dr. Frist.

The specific order sought to be nullified issued after several hearings upon various aspects of Hospital Corporation of America's motion to quash subpoena, motion for protective orders, and motion for reconsideration. The order was signed on June 12, 1987 with a special setting of the underlying case for trial on July 13, 1987. In pertinent parts, the order is recited below:

1. The Motion of H.C.A. to Reconsider Order is denied in all respects.

2. That Plaintiff may serve a notice of intention to take oral deposition of H.C.A., through its Chief Executive Officer, Thomas F. Frist, Jr., M.D., and subpoena relating thereto, upon Attorney Maxine M. Harrington, as counsel for H.C.A., and the person designated by this Court to accept such service on behalf of H.C.A.

3. That H.C.A., through its Chief Executive Officer, Thomas F. Frist, Jr., M.D., shall appear before a Court Reporter designated by the Plaintiff on June 20, 1987, at 9:00 a.m. at the offices of Gould, Broude & Nelson, 1200 Oil & Gas Building, 309 W. Seventh Street, Fort Worth, Texas, 76102, for the purpose of giving his deposition in the above cause.

4. That the deposition of H.C.A., through Dr. Frist, shall be taken in accordance with the time limitations and scope of discovery limitations set forth in the Order of this Court of May 29, 1987.

Upon our granting leave to file the petition for writ of mandamus presented to us on the 16th day of June, 1987, we temporarily stayed the operation and effect of Judge Farrar's order until we could consider, upon submission after response, the merits of the petition. Upon submission by oral argument this date, we are advised by the attorney for Alberta Wells, plaintiff in the underlying litigation and real party in interest in this proceeding, that the portions of the order encompassed by the recitals in Paragraph 2 and Paragraph 3 have been rendered moot by the passage of time and further, because Alberta Wells has disclaimed the appointment of attorney Maxine M. Harrington as the person designated to accept service and has issued new notice and subpoena to take the deposition of Hospital Corporation of America, ostensibly upon service through some means other than upon attorney Harrington. We recognize that those portions of the order are now moot, and consequently will not be discussed since they cannot be the subject of mandamus. *See City of Garland v. Louton*, 691 S.W.2d 603 (Tex.1985).

■ The only remaining question germane to this original proceeding is whether it was an abuse of discretion to issue the remainder of the order. Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

With regard to Paragraph 4, we need only note that the limitations placed upon the scope of examination of the deponent, Dr. Frist, are in partial response to relator's motion for protective orders, are not attacked here, and will rise or fall with the determination of whether Dr. Frist may be deposed at all.

In considering the only remaining paragraph of Judge Farrar's June 12th Order, we are necessarily led to his previous Order dated May 29, 1987 because it was that Order which generated relator's motion to reconsider, referred to in Paragraph 1. We do not have before us a record of the hearing from which the May 29th Order resulted, but in brief and oral argument relator's main contention is that Hospital Corporation of America should be allowed to designate the person or persons to testify on its behalf and that plaintiff, Alberta Wells, did not have such authority to designate.

Reliance is had on TEX.R.CIV.P. 201(4), which is set out below in pertinent part:

4. **Organizations.** When the deponent named in the subpoena or notice is a public or private corporation, a partnership, association or governmental entity, the subpoena or notice shall direct the organization named to designate the person or persons to testify in its behalf, and, if it so desires, the matters on which each person designated will testify, and shall further direct that the person or persons designated by the organization appear before the officer at the time and place stated in the subpoena or notice for the purpose of giving their testimony.

*Id.*

■ Relator asserts that rule 201(4) and its predecessor, Federal Rule 30(b)(6), FED. R.CIV.P. do not allow for the taking of a deposition by or through a specific individual, but that the organization should be allowed to choose. Neither party has found authority to support or deny such position, nor have we. We do feel however, that it is appropriate to examine the commentary of the advisory committee concerning the rule. In the Advisory Committee's commentary to the 1970 amendment to rule 30

which included rule 30(b)(6), the Advisory Committee's opinion states:

[A] *new* provision is *added,* whereby a party may name a corporation, partnership, association, or governmental agency as the deponent and designate the matters on which he requests examination, and the organization shall then name one or more of its officers, directors, or managing agents, or other persons consenting to appear and testify on its behalf with respect to matters known or reasonably available to the organization....

This procedure *supplements* the *existing practice* whereby the *examining party designates* the *corporate official* to be *deposed.* Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them....

The new procedure should be viewed as an *added facility for discovery,* one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent". It will curb the "bandying by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it."

....

*Advisory Committee Notes,* to Rule 30(b)(6), 48 F.R.D. at 514. (emphasis added). It has also been recognized that rule 30(b)(6) FED.R.CIV.P. is an optional procedure by which a deponent may obtain information from an organization without having to go through the corporate officers one by one. "The Rule on deposing an organization was designed as an optional discovery device to supplement the practice whereby the examining party designates the corporate or agency official to be deposed." 23 AM.JUR.2d, *Depositions and Discovery,* section 145 (Supp.1986). *See also Atlantic Cape Fisheries v. Hartford Fire Insurance Co.,* 509 F.2d 577, 579 (1st

Cir.1975); *Cates v. LTV Aerospace Corp.,* 480 F.2d 620, 623 (5th Cir.1973). It is therefore clear that Federal Rule 30(b)(6) and Texas Rule of Civil Procedure 201(4) were designed to aid the deposing party in weeding out those officials who it should not depose and to help it receive the information it seeks; while at the same time help corporations avoid the time and expense of producing corporate and managing officials when it knows the name and location of the person who should be deposed. It was *never* intended to limit a deposing party's ability to take the deposition of a corporate officer, nor was it intended to allow a corporation to play the corporate information shell game. *Advisory Committee Note to Rule 30,* FED.R. CIV.P. 30; TEX.R.CIV.P. 201.

We find the above comments to be sound and convincing and accordingly hold that in this case, the real party in interest, plaintiff below, has the authority to designate the officer whom it will depose, subject to proper control by the trial court. Accordingly, we find no abuse of discretion on the part of Judge Farrar.

Our stay order is therefore vacated and relator's petition is denied.