Petition for Writ of
Mandamus Dismissed and Memorandum Opinion filed May 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00270-CV

____________

 

IN RE HEB GROCERY CO., L.P., Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            This proceeding arises from a suit filed by Donald Kirksey
against his employer, HEB Grocery Co., L.P. for work-related injuries.  The
parties agreed to arbitration before the American Arbitration Association. 
They also agreed that the Federal Arbitration Act applies to their dispute and
that proceedings are to be conducted under AAA rules.  After the arbitrator
selected by the parties declined to serve, AAA appointed Joe Lea, Jr. to serve,
in accordance with its rules.  AAA overruled Kirksey’s objections to Lea.  Kirksey then filed a motion
in the trial court to recuse Lea.  The Honorable Kyle Carter, presiding judge
of the 125th District Court, signed an order on February 23, 2010, granting
Kirksey’s motion to recuse the arbitrator and appointing the Honorable Katie
Kennedy as substitute arbitrator.  On March 29, 2010, HEB filed this petition
for writ of mandamus seeking relief from that order.  See Tex. Gov’t
Code Ann §22.221 (Vernon 2004); see also Tex. R. App. P. 52.1.  

            Kirksey filed a motion to dismiss this proceeding as moot
because on March 12, 2010, AAA reconsidered the parties’ positions concerning
the appointment of an arbitrator and appointed the Honorable Katie Kennedy as
the arbitrator.  HEB objected to the appointment.  On March 18, 2010, AAA
informed the parties that it had considered the parties’ positions, and it
would proceed with Judge Kennedy as the arbitrator in accordance with the trial
court’s February 23 order.  

An issue may become moot when a party seeks a ruling on some
matter which, when rendered, would not have any practical legal effect on a
then-existing controversy.  See City of Farmers Branch v. Ramos, 235
S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.).  Stated differently, an issue
may be moot if it becomes impossible for the court to grant effectual relief
for any reason.  See Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001). 
Mandamus will not issue to compel a meaningless action.  See Hospital Corp. of
Am. v. Farrar, 733 S.W.2d 393, 394 (Tex. App.—Fort Worth 1987, orig.
proceeding).

In its petition, HEB asked that we vacate the trial court’s
order appointing Judge Kennedy.  That order has effectively been superseded by
the AAA appointment, and we have no authority to direct the AAA to set aside
its appointment.  Therefore, the relief sought in this petition has been
rendered moot. 

            Accordingly, we grant Kirksey’s motion and order the petition
for writ of mandamus is dismissed.

                                                                        PER
CURIAM

 

Panel consists
of Chief Justice Hedges and Justices Anderson and Christopher.