# NO. 12-23-00207-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *GATHA DODSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, Gatha Dodson, filed this original proceeding in which she challenges Respondent's decision to quash a deposition and deny her motion to compel production of documents.[1]  We grant the writ in part and deny the writ in part.


## BACKGROUND

On November 29, 2022, Relator tripped on exposed bolts embedded in a walkway at a Brookshire's store in Whitehouse, Texas, owned and operated by Real Party in Interest Brookshire Grocery Company (Brookshire).  Relator filed a premises liability suit against Brookshire alleging that Brookshire knew of the exposed bolts, the condition was unreasonably dangerous and caused her to fall, and she suffered serious and permanent injuries.

In its initial disclosures (pursuant to Texas Rule of Civil Procedure 194.2) dated March 2, 2023, Brookshire identified Wayne Blauert (sometimes referred to in the record as "Bo" or "Beau") as a "Corporate Safety Manager with knowledge of Defendant's policies and procedures."  Brookshire also included Blauert in its first supplemental initial disclosures (dated March 13) as a person with knowledge of relevant facts.

On March 15, Relator's counsel contacted Brookshire's counsel to schedule depositions of the witnesses identified as having knowledge of relevant facts, including Blauert.  The parties agreed on the time and place for the depositions, but Brookshire requested a list of topics for the

---

[1] Respondent is the Honorable Austin R. Jackson, Judge of the 114th District Court in Smith County, Texas.

depositions. Relator's counsel indicated that Relator did not seek to depose a corporate representative of Brookshire, but specifically sought to depose Blauert based on his knowledge, as Brookshire's corporate safety manager, of Brookshire's safety policies and procedures. However, Brookshire stated that Blauert lacked personal knowledge of the incident on November 29, and insisted Relator instead provide a list of deposition topics so that Brookshire could identify the correct corporate representative. Brookshire served its second supplemental initial disclosures upon Relator on April 6, in which Blauert had been removed from the list of individuals with knowledge of relevant facts. Subsequently, Relator noticed the depositions of several witnesses, including Blauert, for April 27 at the offices of Brookshire's counsel. In response, Brookshire filed a motion to quash Blauert's deposition that objected to the time and place of the deposition (although the time and place were selected by Brookshire), and Blauert did not appear for his deposition.

Thereafter, Relator served a request for production upon Brookshire requesting a copy of the written job descriptions for nine employees, including Blauert, that would have been in effect as of November 29. Brookshire objected to producing "information related to any individual not identified as a person with relevant knowledge in its disclosure responses," on the ground that this information was irrelevant. Brookshire produced written job descriptions for each of the listed employees except Blauert. Relator filed a motion to compel production of Blauert's job description.

On June 16, Respondent held a hearing on both Brookshire's motion to quash and Relator's motion to compel. Neither party presented any documentary evidence or testimony. Brookshire argued that Blauert was one of multiple "safety people with Brookshire's," and was initially erroneously designated as a person with relevant knowledge, but was removed because he was not the "best person" to testify about the relevant safety policies. Further, counsel for Brookshire's stated for the first time that Blauert was "no longer employed with Brookshire's . . . so he's not under Brookshire's control." The parties presented little argument regarding Relator's motion to compel. However, Relator stated that review of Blauert's job description and the scope of his duties may have permitted Relator to discern whether his deposition was truly necessary, and that lacking said job description, Relator could not make that conclusion.

Respondent did not rule on the record, but later issued a written order granting Brookshire's motion to quash Blauert's deposition, denying Relator's motion to compel, and ordering Brookshire to identify, "by name and job description, a person who fulfills the role of

2

corporate safety manager." The trial court's order did not include the basis for the rulings. Subsequently, Relator filed this petition for writ of mandamus with this Court.

## AVAILABILITY OF MANDAMUS RELIEF

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Generally, a writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing these prerequisites, and this burden is a heavy one. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.); *see In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 56 (Tex.1998) (orig. proceeding).

A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). When a trial court fails "to analyze or apply the law correctly," it has clearly abused its discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "The trial court has no discretion in determining the law or applying the law to the facts." *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023). However, when considering a writ of mandamus, "we focus on the result reached by the trial court rather than its reasons." *In re Tyndell*, No. 06-15-00086-CV, 2016 WL 269168, at *3 (Tex. App.—Texarkana Jan. 22, 2016, no pet.) (mem. op.). If the trial court expresses an incorrect legal reason for its ruling, we will nevertheless uphold the order on any other grounds supported by the record. *Luxenberg v. Marshall*, 835 S.W.2d 136, 141–42 (Tex. App.—Dallas 1992, orig. proceeding).

Generally, a relator has no adequate remedy by appeal in a discovery context when: (1) the appellate court would not be able to cure the trial court's discovery error; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised by the erroneous discovery ruling to the extent that the party is effectively denied the ability to develop the merits of its case; or (3) the trial court's discovery order disallows discovery which cannot be made a part of the appellate record, thereby denying the appellate court's ability to evaluate the effect of the trial court's error. *See In re Colonial Pipeline Co.*, 968 S.W.2d at 941. However, the adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the

analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). When a trial court disallows discovery, in determining whether mandamus is appropriate, we must consider "all relevant circumstances, such as the claims and defenses asserted, the type of discovery sought, what it is intended to prove, and the presence or lack of other discovery, to determine whether mandamus is appropriate." *Walker*, 827 S.W.2d at 844.

### MOTION TO QUASH

Relator argues that Respondent's granting of Brookshire's motion to quash Blauert's deposition constitutes an abuse of discretion.

**Applicable Law**

The Texas Rules of Civil Procedure allow a litigant to take the deposition of a corporation by providing a notice of such deposition, including a reasonably particular description of the matters on which examination is requested. TEX. R. CIV. P. 199.2. Upon such notice, the organization must designate one or more individuals to testify on its behalf on the topics provided. *Id.* This procedure is modeled after Federal Rule 30(b)(6), and is an *optional* procedure meant to aid the deposing party in "weeding out those officials who it should not depose," while preventing the corporation from incurring the time and expense of producing multiple officials "when the organization already knows the name and location of the person who should be deposed." *Hosp. Corp. of Am. v. Farrar*, 733 S.W.2d 393, 395 (Tex. App.—Fort Worth 1987, no pet.). However, Rule 199.2 does *not* serve to limit a party's ability to notice the deposition of a specific corporate official or employee as an individual.[2] *Id.*

A potential deponent's lack of personal knowledge about the incident underlying a lawsuit is not dispositive of the deposition's propriety, and the procedural rules governing oral depositions do not impose any such personal-knowledge requirement. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 790 (Tex. 2021); TEX. R. CIV. P. 199.1(a). A person has knowledge of

---

[2] A subpoena is generally required to compel a witness's appearance at an oral deposition. TEX. R. CIV. P. 199.3. But when the witness is a party or is retained by, employed by, or otherwise subject to the control of a party, service of a notice of oral deposition on the party's attorney has the same effect as a subpoena served on the witness. *In re Millwork*, 631 S.W.3d 706, 709 (Tex. 2021). For this exception to apply, the witness must be employed by or subject to the control of a party at the time production of the witness is sought. *Id.* at 711-12.

4

relevant facts if he has or may have knowledge of any discoverable matter, whether or not he has admissible information or personal knowledge of the facts. TEX. R. CIV. P. 192.3(c). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401. Thus, a lack of personal knowledge does not equate to a lack of relevant knowledge and does not preclude a deposition. *In re USAA Gen. Indem. Co.*, 624 S.W.3d at 791; *In re Jinsun LLC*, No. 14-15-00568-CV, 2015 WL 5092176, at *4 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, no pet.) (mem. op.).

The party seeking to avoid a deposition is required to show particular, specific, and demonstrable injury by facts sufficient to justify a protective order. *In re Titus Cnty.*, 412 S.W.3d 28, 33 (Tex. App.—Texarkana 2013, orig. proceeding) (citing *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding)). Thus, to prevail on a motion to quash, the movant is required to show that the deposition would cause it to suffer undue burden, unnecessary expense, harassment, or an invasion of protected rights. *Id.* Moreover, remarks by an attorney during the course of the hearing are not evidence substantiating such an objection unless the attorney is actually testifying. *See Gen. Elec. Co. v. Salinas*, 861 S.W.2d 20, 23–24 (Tex. App.—Corpus Christi 1993, no pet.).

**Analysis**

Brookshire appears to argue that Relator is required to notice the deposition of its corporate representative and permit Brookshire to select the individual or individuals to be deposed, rather than deposing specific officials or employees. This argument does not comport with Texas law. The procedure set forth in Rule 199.2 is intended to "supplement," rather than replace or prevent, "the practice whereby the examining party designates the corporate or agency official to be deposed." *Farrar*, 733 S.W.2d at 395. Relator was permitted to notice the deposition of Blauert specifically if it so chose, particularly in light of Brookshire's unclear position on whether Blauert may have knowledge of facts relevant to her claims. Specifically, Brookshire stated that it removed Blauert from its supplemental initial disclosures because "it became apparent that he *may not* be the correct corporate employee to offer testimony related to the policies and procedures," and "*may not* be the proper witness to testify about policies and procedures," and argues that Relator should instead "notice Defendant's corporate representative about specific policies and procedures." (emphasis added). Conversely, though, Brookshire goes on to state that "[d]epending on the topics [Relator] identifies, [Blauert] *may or may not* be a proper corporate representative." (emphasis added). Counsel for Brookshire conceded at the

hearing that Blauert was a "safety person," but its counsel acknowledged, "I don't exactly know what he did or did not do" in his employment. Based on these statements, Brookshire does not contend that Blauert lacks *any* relevant knowledge, but only that he lacks personal knowledge about the November 29 incident in which Relator was injured. But as aforementioned, personal knowledge is not a requirement before a person may properly be deposed. *In re USAA Gen. Indem. Co.*, 624 S.W.3d at 791. From the record before us, and particularly considering Brookshire's unclear and inconsistent contentions about Blauert's role with the company and the knowledge he possesses, Relator's deposition of Blauert is at least reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3.

Brookshire asserts that on the record then before him, Respondent could have granted its motion to quash Blauert's deposition based on a proportionality analysis, even though neither Relator nor Brookshire presented any argument regarding proportionality. It is true that where the trial court gives an incorrect legal reason or no reason for its decision, but reaches the correct result, we will nevertheless uphold the order on other grounds *if supported by the record*. *In re Tyndell*, 2016 WL 269168, at *3. The Texas Rules of Civil Procedure provide that trial courts may limit otherwise permissible discovery if said discovery is unreasonably cumulative or duplicative, obtainable from a less expensive or burdensome source, or its benefit is likely outweighed by the accompanying burden or expense. TEX. R. CIV. P. 192.4. However, "[c]omplaints about proportionality must be supported with evidence, and conclusory allegations are insufficient." *In re Home State Cty. Mut. Ins. Co.*, No. 05-21-00873-CV, 2022 WL 1467984, at *3 (Tex. App.—Dallas May 10, 2022, writ denied) (mem. op.) (citing *In re K & L Auto Crushers*, 627 S.W.3d 239, 253 (Tex. 2021) (orig. proceeding)). As previously mentioned, Brookshire did not present any evidence before the trial court regarding any expense or burden that Blauert's deposition would impose on it (let alone undue burden or expense). Nor did Brookshire argue that any and all relevant facts known by Blauert would be obtainable from another source. Absent evidence demonstrating that the requested discovery is unduly burdensome or harassing, Respondent could not make an informed judgment on whether to limit discovery based upon proportionality, and the record does not support such a finding. *See In re United Fire Lloyds*, 578 S.W.3d 572, 581 (Tex. App.—Tyler 2019, no pet.). Moreover, any undue burden associated with the deposition would be placed on Blauert himself (as Brookshire stated before Respondent that Blauert was no longer employed by Brookshire), and not on Brookshire. *Id.*

Because a trial court abuses its discretion when it limits discovery in the absence of evidence substantiating the exclusion pleaded, we conclude that Respondent abused his discretion in granting Brookshire's motion to quash Blauert's deposition. *See **Thompson v. Haberman***, 739 S.W.2d 71, 73 (Tex. App.—San Antonio 1987, orig. proceeding). Further, and in consideration of the particular circumstances of this case, we conclude that Relator lacks an adequate remedy by appeal. As a result of Respondent's ruling, Blauert's deposition testimony would not be included in the appellate record and the substance thereof would be unknown, leaving this Court unable to evaluate the impact of the erroneous ruling on appeal and therefore unable to cure the error on appeal. *See **Tom L. Scott, Inc. v. McIlhany***, 798 S.W.2d 556, 558 (Tex. 1990) ("Mandamus is the only remedy because the protective order shields the witnesses from deposition and thereby prevents the evidence from being part of the record. Therefore, it would be impossible to determine on appeal if the denial were harmful error.").

## MOTION TO COMPEL

Relator contends that Respondent abused his discretion by denying her motion to compel production of Blauert's job description.

## Applicable Law

The scope of discovery includes any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3; *see In re Nat'l Lloyds Ins. Co.,* 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam). The rules of discovery, including the relevance of the information sought, are to be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding); *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. "Only in certain narrow circumstances is it appropriate to obstruct the search for truth by denying discovery." *State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991). A writ of mandamus is proper when the trial court clearly abused its discretion in denying discovery of properly discoverable information. *In re Titus Cnty.*, 412 S.W.3d at 32.

Generally, the party resisting a discovery request has the burden to plead and prove the basis of the objection to the requested discovery, including proving that the requested information is irrelevant. *Id.*; *see also In re United Fire Lloyds*, 578 S.W.3d at 580-81 (party

objecting to discovery must support its objection with evidence). Thus, the trial court abuses its discretion in preventing discovery when no evidence is presented substantiating an objection to such discovery.[3] ***Weisel Enterprises, Inc. v. Curry***, 718 S.W.2d 56, 58 (Tex. 1986); ***Collier Services Corp. v. Salinas***, 812 S.W.2d 372, 377 (Tex. App.—Corpus Christi 1991, orig. proceeding). And as stated *infra*, remarks by an attorney during the course of the hearing are not evidence substantiating such an objection unless the attorney is actually testifying. *See **Salinas***, 861 S.W.2d at 23–24.

## Analysis

When determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. ***In re Colonial Pipeline Co.***, 968 S.W.2d at 941. Brookshire objected to producing Blauert's written job description on the ground of relevance, although it stated in its response to the motion to compel that it *would* produce the requested information "should the Court require Blauert's deposition." Brookshire appears to have produced the written job descriptions for each of the other employees as requested by Relator, and only objects to the relevance of information regarding Blauert's job duties. However, at the hearing on the motion, Brookshire presented no evidence substantiating its relevance objection.[4] For this reason, Respondent abused his discretion by denying Relator's motion to compel. *See **In re United Fire Lloyds***, 578 S.W.3d at 580-81.

Nevertheless, even when a respondent abuses its discretion, mandamus will not issue unless the relator lacks an adequate remedy by appeal. ***In re K.L. & J. Ltd. P'ship***, 336 S.W.3d 286, 290 (Tex. App.—San Antonio 2010, orig. proceeding). Whether an appellate remedy is "adequate" so as to preclude mandamus review depends on the circumstances presented and is better guided by general principles than by simple rules. ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d at 137. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. ***Id.*** at 138. In balancing the benefits of mandamus against the detriments, we must consider whether mandamus will spare the litigants and the public "the time

---

[3] To determine whether Respondent abused his discretion in denying discovery, this Court reviews the entire record. *See **Brewer & Pritchard, P.C. v. Johnson***, 167 S.W.3d 460, 466–67 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

[4] Evidence may not be necessary to support a relevance objection if said objection may be resolved by examining the face of the discovery requests. ***In re Wal-Mart Stores, Inc.***, 545 S.W.3d 626, 635 (Tex. App.—El Paso 2016, orig. proceeding). The discovery sought in this case is not "so clearly irrelevant that no proof would be required" of its irrelevance. ***Valley Forge Ins. Co. v. Jones***, 733 S.W.2d 319, 321 (Tex. App.—Texarkana 1987, orig. proceeding).

and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re State*, 355 S.W.3d 611, 615 (Tex. 2011). As stated *infra*, a relator lacks an adequate remedy by appeal in a discovery context when: (1) the appellate court would not be able to cure the trial court's discovery error; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised by the erroneous discovery ruling to the extent that the party is effectively denied the ability to develop the merits of its case; or (3) the trial court's discovery order disallows discovery which cannot be made a part of the appellate record, thereby denying the appellate court's ability to evaluate the effect of the trial court's error. *In re Colonial Pipeline Co.* 968 S.W.2d at 941; see also *In re Sherwin-Williams Co.*, 668 S.W.3d at 372.

Relator presents very little argument as to the adequacy of appeal on this issue. With regard to both issues she asserts in her mandamus petition, she states, "The Trial Court's action in the instant case denied Plaintiff her legitimate discovery which goes to the heart of her case, specifically the Defendant's safety policies and practices as they were supposed to be and actually implemented in fact." Regarding Blauert's written job description specifically, she states that the document would set out the scope of Blauert's duties and knowledge but does not explain what this information is intended to prove. Relator does not argue that the appellate court would be unable to evaluate or cure this discovery error on appeal. *See id.* Similarly, although she states generally that the requested discovery "goes to the heart of her case," she does not explain *how* the lack of this document would severely compromise her ability to develop the merits of her case in general or any specific essential element of her claims, particularly given our holding that Respondent abused his discretion by quashing Blauert's deposition. *See In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 863 (Tex. App.—Dallas 2014, orig. proceeding) (denial of discovery goes to the heart of a party's case when the party is prevented from developing essential elements of its claim). In consideration of the relevant circumstances, (including the availability of other discovery), we conclude that Relator has not shown that she lacks an adequate remedy by appeal in relation to Respondent's denial of her motion to compel, and mandamus is not appropriate. *See Walker*, 827 S.W.2d at 844.

## DISPOSITION

Based upon our review of the record and the foregoing analysis, we conclude that Respondent abused his discretion by quashing Blauert's deposition. Accordingly, we *conditionally grant in part* Relator's petition for writ of mandamus. We direct Respondent to vacate the portion of his June 20, 2023, order granting Brookshire's motion to quash the

deposition of Wayne Blauert.  We trust Respondent will promptly comply with this opinion and order. The writ will issue only if Respondent fails to do so within ten days of the date of the opinion and order.  Respondent shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance.  We ***deny*** Relator's petition in all other respects.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 13, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

**SEPTEMBER 13, 2023**

**NO. 12-23-00207-CV**

**GATHA DODSON,**
**Relator**

**V.**

**HON. JUDGE AUSTIN R. JACKSON,**
**Respondent**

---

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 23-0127-B)

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Gatha Dodson; who is the relator in appellate cause number 12-23-00207-CV and plaintiff in trial court cause number 23-0127-B, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on August 15, 2023, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, **conditionally granted in part**.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate the portion of his June 20, 2023, order granting Brookshire Grocery Company's motion to quash the deposition of Wayne Blauert; the writ will not issue unless the **HONORABLE AUSTIN R. JACKSON** fails to comply with this Court's order within ten (10) days from the date of this order. The petition is denied in all other respects.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*